Appeal from an order of the Supreme Court, Albany County, dismissing the petition under article 78 of the Civil Practice Act, on the merits. On May 25, 1949, the State Commissioner of Education laid out territory as a central school district to be known as Central School District No. 1 of the Towns of Coeymans and New Scotland, Albany County, and New Baltimore, Greene County. This embraced the territory of a number of union and common *810 school districts. The territory thus laid out included a portion, but not all, of the territory of the petitioner, Union Free School District No. 1. The power of the commissioner to divide the district is challenged. There is no limitation of the kind urged in the statutory grant to the commissioner (Education Law, § 1801). It is alleged that the determination thus to divide the complaining union free district is arbitrary. But no facts are pleaded which would establish, if proved on a hearing, that no reasonable man would have laid out this territory as a central school district. This is the ultimate judicial test to be applied to an administrative determination of this kind. It is not enough to argue or prove that something else would have been preferable or more desirable, or that a court would have made the decision differently. The power to decide rests by law in the commissioner and only an abuse of that power would invite judicial interference. No such ground is factually pleaded. All that is shown is an argument the other way and that is not enough to warrant judicial interference. Order unanimously affirmed, without costs. Present — Foster, P. J., Heffeman, Brewster, Bergan and Coon, JJ. [196 Misc. 239.] [See post, p. 953.]